MINUTE ENTRY
KNOWLES, M.J.
MAY 28, 2008

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW BAKER | CIVIL ACTION |
| VERSUS | NO. 08-1303 |
| ST. BERNARD PARISH COUNCIL | SECTION "R" (3) |

On this date, Robin Bartholomew's Motion for Leave to Intervene #20 came on for hearing before the undersigned Magistrate Judge. Present were Robert Bonnafons on behalf of St. Bernard Parish Council and David H. Williams on behalf of the proposed intervenor, Robin Bartholomew ("Bartholomew").

Pursuant to the hearing the undersigned Magistrate Judge denied Bartholomew's motion to intervene on the bases of the untimeliness of her application and the adequacy of representation by her landlord who is a party to the proceeding.  As to timeliness, the preliminary injunction hearing is presently set for hearing next week and prejudice to the defendant resulting from the delay of same is manifest as defense counsel explained in open court.  Moreover, the record reveals that Bartholomew has known that her landlords were in violation of the ordinance at issue for almost five months prior to May 13, 2008, when she filed the subject Motion for Leave to Intervene.  Given the publicity attending this litigation, some of which appears of record, it is extremely unlikely that Bartholomew was ignorant of the developments in the

MJSTAR(00:14)

proceeding.[1]

As stated at the outset, Bartholomew failed to carry her burden of proving that her interests are not adequately represented.[2]  The temporary restraining order (TRO) presently in effect protects her interests.  Proposed intervenor has the same ultimate objective as the plaintiffs -- *i.e.*, striking down the ordinance as unconstitutional in a number of different particulars.

As to permissive intervention, timeliness is also a factor in the analysis which deserves consideration.  In this particular case, proposed intervenor's participation contemplates collateral issues which would complicate this litigation which is now poised for a preliminary injunction hearing next Wednesday, July 4, 2008. Under the circumstances presented, it is difficult to see how Bartholomew will contribute *significantly* to the full development of the issues underlying the original plaintiffs' claims.  This is particularly true considering that  Bartholomew's lot as a tenant is fairly contemplated by her landlord's suit.

For the reasons set forth above and pursuant to the hearing, the undersigned Magistrate Judge issued the following order, to wit:

---

[1] There is no absolute measure of timeliness; courts look into all of the facts and circumstances. In particular, courts should consider the following factors: (1) the length of any delay; (2) the prejudice to existing parties; (3) prejudice to the would-be intervenor should the intervention be denied;  and (4) any unusual circumstances  which militate for or against a determination that the application is timely.  *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 263-68 (5th Cir. 1977).   This Court's review of the pertinent factors militate against finding that Bartholomew's application is timely under the circumstances.

[2] While it is true that the Fifth Circuit Court of Appeals has held that the showing of inadequate representation need only be "minimal," *Sierra Club v. Espy,* 18 F.3d 1202, 1207 (5th Cir. 1994), the court has also held that "representation is presumed adequate unless the applicant alleges that the representatives engaged in collusion, nonfeasance, or had an interest antagonistic to his." *Baker v. Wade,* 743 F.2d 236, 240-41(5th Cir.1984) ("[W]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption of adequate representation arises that its interests are adequately represented....").   Bartholomew charges no collusion, nonfeasance, or interest antagonistic to hers.  Instead, her argument on the merits is largely an attempt to shed new light on the constitutional issues.

**IT IS ORDERED** that Robin E. Bartholomew's Motion to Intervene #20 is

DENIED.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**